UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 22-cr-10005-DPW |
| ) | |
| v. ) | **Filed Under Seal** |
| ) | |
| DAVID SCHOTTENSTEIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPPOSITION TO DEFENDANT'S MOTION TO
HAVE CHARACTER WITNESSES ALLOCUTE AT SENTENCING**

The government respectfully opposes the defendant's motion to have five "character witnesses" testify at his sentencing.

There is no requirement that the Court permit a defendant to call witnesses at sentencing, and doing so "is not typical" in this District, as the defendant concedes.[1]  Dkt. 63 at 3.  Indeed, the defendant does not, because he cannot, offer any reason why the ordinary practice of submitting a sentencing memo and supporting letters is not sufficient in this case, arguing instead that the witnesses "feel strongly about addressing this Court."  *Id*.  But that is not a reason to depart from the Court's standard practice—particularly where, as here, defense counsel has advised the

---

[1] Rule 32 provides only that, prior to imposing sentence, the Court must provide the defendant, the defendant's attorney, the government's attorney, and any victims of the crime who are present at the sentencing an opportunity to speak.  *See* Fed. R. Crim. P. 32; *see also United States v. Cruzado-Laureano*, 527 F.3d 231, 238 (1st Cir. 2008) (Rule 32 "does not give defendants the right to call witnesses in their behalf at sentencing").

government that the defendant also intends to seek leave to file an overlength sentencing brief of as much as twice the permitted length.[2]

The defendant stands convicted of engaging in an insider trading scheme that netted millions of dollars in illicit profits. After being approached by federal agents, he entered into a cooperation agreement that he then repeatedly breached, including by refusing to testify against one of his co-conspirators (but not the other), causing the government to take the unusual step of dismissing a pending indictment. Having thus undermined the government's prosecution and wasted the time and resources of multiple parties, he now seeks privileges not accorded other defendants, while again burdening the Court and the government in the process.

Allowing the defendant to present "character witnesses" would be particularly inappropriate in the circumstances of this case. As the U.S. Sentencing Commission has noted, "the victims [of insider trading] and their losses are difficult if not impossible to identify." U.S. Sentencing Guidelines Manual § 2B1.4 cmt. Background. As a result, there will be no victims testifying at the defendant's sentencing—though his was certainly not a victimless crime. Allowing the defendant to present witnesses would thus create an imbalance, permitting him to benefit from the diffuse nature of his crime by skewing the presentation of evidence relevant to his sentencing.

For the foregoing reasons, the government respectfully requests that the defendant's motion be denied.

---

[2] The government advised the defense—at the same time it indicated its opposition to the defendant's presentation of character witnesses—that it takes no position on the filing of an overlength brief.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: */s/ Stephen E. Frank*
STEPHEN E. FRANK
SETH B. KOSTO
Assistant U.S. Attorneys

Date:   February 28, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Stephen E. Frank*
STEPHEN E. FRANK
Assistant U.S. Attorney

February 28, 2023